UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>     Plaintiff,<br><br>  -against-<br><br>AR 116 LEX INC., a New York corporation d/b/a THE UPS STORE #6510 and 1872 LEXINGTON CORP., a New York corporation,<br><br>     Defendants. | Civil Action No. 17-cv-2384 (JGK)<br><br>**ANSWER WITH CROSS-CLAIM AND JURY DEMAND** |

  Defendant 1872 LEXINGTON CORP. ("Defendant"), by and through their undersigned counsel, Stevenson Marino LLP, hereby responds to the allegations in Plaintiff Ricardo Velasquez's ("Plaintiff") Complaint as follows:

## AS TO THE JURISDICTION AND PARTIES

  1. Except to admit that Plaintiff purports to bring this lawsuit for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, Defendant denies the allegations contained in paragraph 1 of the Complaint and further states Plaintiff's allegation concerning to original jurisdiction is a conclusion of law to which no response is required.

  2. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and, accordingly denies same.

  3. The allegations contained in paragraph 3 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

  4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Except to admit that Defendant 1872 Lexington Corp. is a New York corporation authorized to do business in New York State and is the owner and lessor of the property where Defendant AR 116 Lex Inc. conducts its business, Defendant 1872 Lexington Corp. denies the all allegations contained in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 6 of the Complaint and, accordingly, denies same. Defendant further states Plaintiff's allegation concerning venue in the second sentence is a conclusion of law to which no response is required.

## AS TO COUNT I

7. Defendant states that the allegations contained in paragraph 7 of the Complaint consist of conclusions of law, and accordingly no response is required.

8. Defendant states that the allegations contained in paragraph 8 of the Complaint consist of conclusions of law, and accordingly no response is required.

9. Defendant states that the allegations contained in paragraph 9 of the Complaint consist of conclusions of law, and accordingly no response is required.

10. Defendant states that the allegations contained in paragraph 10 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant states that the allegations contained in paragraph 11 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant states that the allegations contained in paragraph 15 of the Complaint consist of conclusions of law, and accordingly no response is required.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant states that the allegations contained in paragraph 20 of the Complaint consist of conclusions of law, and accordingly no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 20 of the Complaint.

## AS TO COUNT II

21. Defendant states that the allegations contained in paragraph 21 of the Complaint consist of conclusions of law, and accordingly no response is required.

22. Except to admit that Defendant 1872 Lexington Corp. is a New York corporation, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendant incorporates by reference, and reassert its Answers to Paragraphs 1 through 22 of Plaintiff's Complaint as though fully set forth herein.

## AS TO COUNT III

24. Defendant states that the allegations contained in paragraph 24 of the Complaint consist of conclusions of law, and accordingly no response is required.

25. Defendant states that the allegations contained in paragraph 25 of the Complaint consist of conclusions of law, and accordingly no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Except to admit that Defendant 1872 Lexington Corp. is a New York corporation, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, Defendant incorporates by reference, and reassert its Answers to Paragraphs 1 through 27 of Plaintiff's Complaint as though fully set forth herein.

## AS TO COUNT IV

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant states that the allegations contained in paragraph 31 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant states that the allegations contained in paragraph 32 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint, Defendant incorporates by reference, and reassert its Answers to Paragraphs 1 through 36 of Plaintiff's Complaint as though fully set forth herein.

## AS TO ATTORNEYS' FEES AND COSTS

38. Defendant denies Plaintiff is entitled to any relief whatsoever and, accordingly, denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies Plaintiff is entitled to any relief whatsoever and, accordingly, denies the allegations contained in paragraph 39 of the Complaint.

## AS TO DAMAGES

40. Defendant denies Plaintiff is entitled to any relief whatsoever and, accordingly, denies the allegations contained in paragraph 40 of the Complaint.

## AS TO INJUNCTIVE RELIEF

41. Defendant states that the allegations contained in paragraph 41 of the Complaint consist of conclusions of law, and accordingly no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to any relief whatsoever and, accordingly, denies the allegations contained in paragraph 41 of the Complaint.

42. The "WHEREFORE" clause immediately following Paragraph 41 of the Complaint states a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to any relief whatsoever and specifically denies that Plaintiff is entitled to the relief requested in subparagraphs (A) – (E).

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred against 1872 Lexington Corp. to the extent that the alleged violations, if any, are the obligations and/or breaches of others for which 1872 Lexington Corp. is not responsible.

3. Plaintiff has demanded modifications that are either not readily achievable, technically infeasible, or not required under the ADA or other applicable law, which would create an undue hardship on the owner(s), lessee(s), operator(s) of the property, and/or which would fundamentally alter the way that goods and services are provided at the property.

4. Defendant 1872 Lexington Corp. acted in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws.

5. Plaintiff lacks standing to bring this action and has failed to properly allege standing to assert any or all of the causes of action contained in the Complaint.

6. Plaintiff's action is barred or diminished by the applicable statute of limitations and to the extent that Plaintiff has failed to comply with administrative and statutory pre-requisites and conditions precedent to suit.

7. Some or all of the modifications and relief sought by Plaintiff in the Complaint are not required by the ADA or applicable state and local laws in order to be in compliance with those laws.

8. To the extent the Complaint alleges barriers to access, Plaintiff fails to allege barriers within the meaning of the ADA, any federal regulations promulgated thereunder, and/or within the meaning of state and local laws, and/or interference with Plaintiff's access to goods and/or services at the property.

9. Defendant 1872 Lexington Corp. has provided accessibility to the extent required by law and any greater accessibility is not feasible, not required, or is excused as provided for by applicable law.

10. Defendant 1872 Lexington Corp. has acted in good faith and/or its conduct has been in conformity with all applicable statutes, government regulations, and industry standards during the time period at issue in the Complaint.

11. Defendant 1872 Lexington Corp. has not denied access to Plaintiff, or any person with his purported condition, to a service offered by a place of public accommodation and has not engaged in intentional discrimination with respect to the accessibility of the property.

12. Plaintiff has failed to serve the New York State Attorney General with notice of any alleged discrimination at or before the commencement of the instant action as required by the New York Civil Rights Law § 40-c.

13. Plaintiff's claims should be dismissed, in whole or in part, because he is estopped as to such claims by his own actions, bad faith, unclean hands, laches and/or waiver.

14. Upon information and belief, all actions taken with regard to the design and construction of the property in question were taken in good faith and for legitimate, lawful business reasons and predate the passage of the ADA and may not be a basis for liability.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of the facility in question and, if he visited the facility, he visited for purposes of instituting the instant action.

16. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of federal, state, or local law.

17. Defendant 1872 Lexington Corp. is not the cause of Plaintiff's alleged damages. Plaintiff's damages, if any, have been caused by the acts of Plaintiff and/or third persons over whom Defendant 1872 Lexington Corp. has no control or responsibility and/or other circumstances for which Defendant 1872 Lexington Corp. is not responsible.

18. To the extent the Complaint seeks injunctive relief, Plaintiff fails to show the violation of a right presently occurring, or threatened and imminent, that he has no adequate remedy at law, that serious and irreparable injury will result if the injunction is not granted, and/or that the equities are balanced in Plaintiff's favor.

19. To the extent the Complaint seeks declaratory judgment, Plaintiff fails to show a justiciable controversy.

20. To the extent the Complaint seeks punitive damages under federal, state, or city law, Plaintiff has failed to allege sufficient facts showing that Defendant 1872 Lexington Corp. acted with malice or reckless indifference to Plaintiff's rights.

21. Plaintiff has not been denied the full and safe access to the benefits, accommodation, and services of the property.

22. Plaintiff has failed to mitigate his damages, if any, which he may have sustained as a result of the matters alleged in the Complaint.

23. Plaintiff has failed to provide Defendants the opportunity to cure the alleged violations. Accordingly, Plaintiff is not entitled to recover attorneys' fees and the Complaint should be dismissed.

24. In a manner that precludes the relief Plaintiff seeks, appropriate notifications and access for handicapped individuals have been or will be instituted to eliminate existing architectural barriers on the premises at issue to the extent readily achievable. Accordingly, the litigation instituted by Plaintiff cannot serve as a basis for attorneys' fees or injunctive relief in this action.

25. The modifications sought by Plaintiff would fundamentally alter the nature of the premises.

26. Defendant 1872 Lexington Corp. did not alter the premises where Defendant AR 116 Lex Inc. operates after 1992.

27. Plaintiff and his attorneys have engaged in barratry and/or champerty and filed multiple lawsuits against various entities, including Defendant 1872 Lexington Corp.

28. The Complaint must be dismissed because Plaintiff does not have a good faith. intent to return to the subject property and patronize its facilities.

29. Plaintiff has failed to properly plead that he is disabled within the meaning of the law.

30. The Complaint is barred because the property at issue was built before the enactment of the ADA and the property is thus not subject to the ADA.

31. Defendant 1872 Lexington Corp. reserves the right to assert additional defenses, whether affirmative or otherwise, which may become available during the course of this litigation through discovery or any other means.

32. Defendant 1872 Lexington Corp. denies all other allegations in the Complaint that are not specifically admitted or otherwise responded to in this Answer.

### AS AND FOR A CROSS-CLAIM AGAINST AR 116 LEX INC.

1. Defendant 1872 Lexington Corp. denies any liability to Plaintiff on any alleged grounds sought for relief. However, should there be a determination in favor of Plaintiff against Defendant 1872 Lexington Corp., such liability will have resulted, in whole or in part, from the actions of AR 116 Lex Inc.

2. Defendant AR 116 Lex Inc. is a New York corporation d/b/a The UPS Store #6510 and is authorized to conduct, and is conducting business within the State of New York.

3. The premises complained of are wholly maintained, operated, and controlled by AR 116 Lex Inc., which is a tenant and/or subtenant of Defendant 1872 Lexington Corp. in the commercial space located at 1872 Lexington Avenue, New York, New York.

4. Defendant 1872 Lexington Corp. has no control over the operation and maintenance of the property occupied by AR 116 Lex Inc.

5.       In accordance with the applicable lease and/or sub-lease, including but not limited to paragraph 54.1 therein, AR 116 Lex Inc. is required to indemnify and hold Defendant 1872 Lexington Corp. harmless from any and all lability arising from or in connection with their occupancy or use of the premises in question.

6.       If this Court determines that any or all of Defendant 1872 Lexington Corp.'s actions are the basis for liability, and if Plaintiff recovers a judgment against Defendant 1872 Lexington Corp. for the damages alleged in the Complaint, then AR 116 Lex Inc. shall be liable to Defendant 1872 Lexington Corp. for common law contribution and/or indemnification and contractual contribution, defense and/or indemnification, in whole or in part.

## ATTORNEYS' FEES

Defendant 1872 Lexington Corp. has retained the law firm of Stevenson Marino LLP and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Defendant 1872 Lexington Corp. is entitled to recover its attorneys' fees and costs incurred in this action.

[INTENTIONALLY OMITTED]

**WHEREFORE**, Defendant respectfully requests the Court grant the following relief:

1      Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2.     Awarding Defendant 1872 Lexington Corp. its attorneys' fees, costs, and disbursements, as appropriate from Plaintiff and/or Defendant AR 116 Lex Inc.;

3.     granting judgment in favor of Defendant 1872 Lexington Corp. and against Defendant AR 116 Lex Inc. on Defendant 1872 Lexington Corp.'s cross-claim; and

4.     Directing such other relief as the Court deems just and equitable.

Date:  July 24, 2017           Respectfully Submitted,
       New York, New York

                                                 /s/ Justin R. Marino
                                                 Justin R. Marino (jmarino@stevensonmarino.com)
                                                 STEVENSON MARINO LLP
                                                 105 Maxess Road, Suite 124
                                                 Melville, NY  11747
                                                 212.939.7228

                                                 *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>    Plaintiff,<br><br>  -against-<br><br>AR 116 LEX INC., a New York corporation d/b/a THE UPS STORE #6510 and 1872 LEXINGTON CORP., a New York corporation,<br><br>    Defendants. | Civil Action No. 17-cv-2384 (JGK)<br><br>**CERTIFICATE OF SERVICE** |

  This is to certify that, on July 24, 2017, I caused a copy of Defendant 1872 Lexington Corp.'s Answer, in the above-captioned matter, to be served via Electronic Case Filing on all counsel of record.

Dated: July 24, 2017
   New York, New York

              /s/ Justin R. Marino_____
              Justin R. Marino
              STEVENSON MARINO LLP
              105 Maxess Road, Suite 124
              Melville, NY  11747
              212.939.7228

              Attorneys for Defendant